UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA RUIZ, <br><br>    Plaintiff, <br><br>v. <br><br>VOLKSWAGEN GROUP OF AMERICA, INC., et al., <br><br>    Defendants. | Case No. 24-cv-03624-SK <br><br>**ORDER DISMISSING PLAINTIFF'S THIRD AMENDED COMPLAINT WITH PREJUDICE** <br><br>Regarding Docket No. 43 |

This matter comes before the Court upon consideration of the motion to dismiss filed by Defendants Volkswagen Group of America, Inc. and VW Credit, Inc. (collectively, "Defendants").[1] (Dkt. No. 43.) This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and all parties consented to the jurisdiction of a federal magistrate judge. (Dkt. Nos. 7, 12.) Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS Defendants' motion for the reasons set forth below.[2]

---

[1] The caption to Plaintiff's Third Amended Complaint also includes the California State Automobile Association ("CSAA") as a Defendant. This Court denied joinder of CSAA, (Dkt. No. 41), and Plaintiff's Third Amended Complaint does not actually include any claims against CSAA. As such, CSAA is not a party to this action.

[2] Alongside its motion, Defendant included a request for judicial notice of the Consent Decree and Approved Emissions Modification Disclosure referenced in Plaintiff's Third Amended Complaint. (Dkt. No. 44.) These documents relate to the "Dieselgate" litigation, which encompassed claims against VGA for the company's use of "defeat devices" to cheat environmental emissions tests. (*Id.*) Plaintiff does not object to the requests, and the documents are matters of public record. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The Court therefore GRANTS Defendants' request for judicial notice.

The Court also takes judicial notice of the 2.0L Settlement Agreement in the "Dieselgate" litigation, a public record. *See* Consumer Class Action Settlement Agreement and Release (Amended), *In Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. MDL 2672 CRB (JSC) (N.D. Cal. July 26, 2016) https://www.cand.uscourts.gov/filelibrary/2801/Amended-Consumer-Settlement.pdf ("Settlement Agreement").

**BACKGROUND**

On November 6, 2023, Plaintiff Sonia Ruiz ("Plaintiff") commenced this action in Contra Costa Superior Court. (Dkt. No. 1-1.) Defendants removed the case to this Court on June 14, 2024. (Dkt. No. 1.) Since then, this Court has twice dismissed Plaintiff's claims with leave to amend. (Dkt. Nos. 19, 41.) In its most recent order of dismissal, the Court granted leave to amend Plaintiff's two claims for breach of contract but dismissed all of Plaintiff's claims with prejudice. (Dkt. No. 41.)

Plaintiff's first claim for breach of contract brought against VW Credit, Inc. ("VC") arises out of VC's alleged demand for overpayment of a loan balance. In summary, Plaintiff's vehicle, which was insured by VC, was declared a total loss after an accident. (Dkt. No. 42, ¶¶ 16-18, 22-43.) The vehicle had a loan balance of $2,317.73, but VC required payment of $10,613.62. (*Id.*) In the earlier Order, the Court dismissed this claim because Plaintiff did not allege the terms or legal effect of the agreement allegedly breached. (Dkt. No. 41, p. 9.)

In her Third Amended Complaint, Plaintiff includes a copy of the loan agreement insuring the vehicle at issue. (Dkt. No. 42, Ex. A ("Loan Agreement").) However, Plaintiff is not a party to the Loan Agreement. (*Id.*) Rather, the agreement is between Plaintiff's husband, who is also counsel in this matter, Andrew Wagdy Shalaby, and a Volkswagen dealership, which assigned its interest in the agreement to VC. (*Id.*) Plaintiff alleges that the vehicle and loan "de facto" belong to her, and "all rights and claims pertaining to the subject vehicle and subject loan are exclusively assigned to Sonia Ruiz as her property." (Dkt. No. 42, ¶¶ 6-10.)

Plaintiff's Third Amended Complaint does not allege, as her previous complaints did, that she did not receive a refund for the overpayment. (Dkt. No. 42, ¶¶ 35, 38; *see also* Dkt. No 21, ¶¶ 11, 36-37.) Rather, the Third Amended Complaint alleges that VC refunded the overcharge in two separate payments ($4,718.04 on June 28, 2023 and $3,577.85 on May 21, 2024). (Dkt. No. 42, ¶¶ 35, 38.) However, Plaintiff contends that VC breached its contract by paying the refund in an untimely manner, by failing to explain the refund payments, and by refusing to pay attorney's fees and court costs. (*Id.* at ¶¶ 39-43.)

Plaintiff's second claim for breach of contract against Volkswagen Group of America, Inc.

2

1  ("VGA") arises from alleged defects in two Volkswagen Beetles allegedly belonging to Plaintiff.
2  Specifically, Plaintiff alleges that the Settlement Agreement between VGA and "class members"
3  requires VGA to provide free refills of AdBlue (also known as diesel exhaust fluid, or DEF) and
4  to disclose defects relating to certain vehicles' sunroofs and heating systems.  (*Id.* at ¶¶ 44-61.)

5  The Court's prior Order noted that the Settlement Agreement does not appear to contain
6  any such obligation but offered Plaintiff an additional opportunity to explain why she believes that
7  VGA breached the Settlement Agreement.  (Dkt. No. 41, p. 12.)

8  The Third Amended Complaint alleges that VGA breached terms of the Settlement
9  Agreement that required VGA to provide an "Approved Emissions Modification . . . free of
10 charge" and disclose "any and all reasonably predictable changes resulting from the Approved
11 Emissions Modification, including but not limited to changes to reliability, durability, fuel
12 economy, noise vibration, vehicle performance, drivability and any other vehicle attributes that
13 may reasonably be important to vehicle owners."  (Dkt. No. 43, ¶¶ 51-52, 55.)  The Third
14 Amended Complaint also quotes language on VGA's website summarizing the Settlement
15 Agreement, which included that "Volkswagen agreed to . . . [p]ay for environmental remediation."
16 (*Id.* at ¶ 53.)

17 In addition, the Third Amended Complaint asserts that VGA has not complied with this
18 Court's consent decree in the case of *FTC v. Volkswagen Group of America, Inc.*, No. 3:16-cv-
19 1534 (N.D. Cal. filed Mar. 29, 2016) ("Consent Decree"), which also relates to the "Dieselgate"
20 litigation.  Under the heading "BAN ON UNFAIR PRACTICES" the Consent Decree enjoins
21 VGA from marketing, distributing, or selling "any vehicle that contains a Defeat Device."  (Dkt.
22 No. 43, ¶ 56.)  Under the heading "PROHIBITION AGAINST MISREPRESENTATIONS," the
23 Consent Decree enjoins VGA from misrepresenting that a vehicle has low emissions, is
24 environmentally friendly or green, complies with emissions regulations, maintains its resale value,
25 or any other environmental attribute or the value of a product or service."  (Dkt. No. 43, ¶ 57.)

26 After Plaintiff filed her Third Amended Complaint re-alleging the two breach of contract
27 claims, Defendant filed a third motion to dismiss.  (Dkt. No. 43.)  Plaintiff opposed the motion to
28 dismiss.  (Dkt. No. 49.)  In its discretion, the Court determined to rule on this motion without a

3

hearing. (Dkt. No. 45.)

## ANALYSIS

**A.   Applicable Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. On a motion to dismiss under Rule 12(b)(6), the Court construes the allegations in the complaint in the light most favorable to the non-moving party and takes as true all material allegations in the complaint. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986) (per curiam). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and citation omitted). Rather, a plaintiff must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"[A]s a general rule, a district court may not consider materials beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . ." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012). However, documents subject to judicial notice, such as matters of public record, may be considered on a motion to dismiss. *See id.* In doing so, the Court does not convert a motion to dismiss into one for summary judgment. *See id.* "The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice . . . ." *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001).

**B.   Defendants' Motion to Dismiss.**

   **1.   Breach of Contract Claim Against VC.**

The Court previously dismissed Plaintiff's claim for breach of contract against VC for failure to adequately plead the terms of the Loan Agreement. (Dkt. No. 41, pp. 9-10.) Plaintiff

4

1    remedied that deficiency by including the Loan Agreement as an exhibit to her Third Amended

2    Complaint. (Dkt. No. 43, Ex. A.) However, Plaintiff's amended claim suffers from numerous

3    other flaws.

4        Plaintiff is not a party to the Loan Agreement. (*Id.*) "[O]nly a party to a contract or an

5    intended third-party beneficiary may sue to enforce the terms of a contract or obtain an appropriate

6    remedy for breach." *GECCMC 2005-C1 Plummer St. Off. Ltd. P'ship v. JPMorgan Chase Bank,*

7    *Nat. Ass'n*, 671 F.3d 1027, 1033 (9th Cir. 2012). Plaintiff does not argue that she is an intended

8    third-party beneficiary of the Loan Agreement. Rather, she argues that Shalaby assigned his rights

9    and obligations under the Loan Agreement to her. (Dkt. No. 49, p. 2.) Plaintiff's bare allegation

10   that an assignment was made is insufficient to establish a valid assignment. *See e.g., Cohen v.*

11   *Suleminian*, No. 2:21-CV-08597-SSS-ASX, 2024 WL 4002841, at *3 (C.D. Cal. July 22, 2024);

12   *MVP Asset Mgmt. (USA) LLC v. Vestbirk*, No. 2:10-CV-02483-GEB, 2012 WL 33043, at *3 (E.D.

13   Cal. Jan. 6, 2012). Plaintiff also argues that she is automatically assigned rights under the Loan

14   Agreement as the spouse of Shalaby. (Dkt. No. 49, p. 2.) Plaintiff's remarkable proposition—that

15   individuals are automatic parties to contracts their spouses sign—is not supported by any law.

16       Even if Plaintiff could enforce the Loan Agreement, her Third Amended Complaint does

17   not point to any cognizable breach. Plaintiff claims that VC breached section 2(h) of the Loan

18   Agreement, which provides:

19   > Any credit that reduces your debt will apply to your payments in the reverse order of
20   > when they are due, unless we decide to apply it to another part of your debt. The
     > amount of the credit and all finance charge or interest on the credit will be applied to
21   > your payments in the reverse order of your payment.

22   (Dkt. No. 42, Ex. A, § 2(h).) Plaintiff argues that VC breached this provision by delaying

23   refunding the loan overpayment and by failing to disclose which costs the two refund payments

24   addressed. (Dkt. No. 49, p. 5.) Because section 2(h) does not contain any requirements for

25   specific deadlines for refund or for disclosure of payments, Plaintiff has not pled a viable claim for

26   breach of contract. Plaintiff also alleges that she is entitled to recover attorney's fees and court

27   costs because her lawsuit allegedly compelled VC to refund the overpayment. (*Id.*) Plaintiff

28   cannot recover for breach of contract, including fees and costs, if she cannot allege a plausible

breach at the motion to dismiss stage.

The Court GRANTS Defendant's motion to dismiss Plaintiff's breach of contract claim against VC.

### 2. Breach of Contract Claim Against VGA.

#### i. Breach of Settlement Agreement.

Plaintiff claims that VGA breached its Settlement Agreement with "class members" of the "Dieselgate" litigation by failing to provide free AdBlue refills and failing to disclose sunroof and heater system defects. (Dkt. No. 43, ¶¶ 51-52, 55.) The Court's prior Order asked Plaintiff to explain why she believes the Settlement Agreement requires VGA to provide free AdBlue refills. (Dkt. No. 41, p. 12.) Plaintiff's response is unpersuasive.

As a preliminary matter, the Settlement Agreement is a contract between VGA and "class members" defined as "registered owners or lessees" of specified vehicles between September 18, 2015 and December 30, 2018. (Settlement Agreement, §§ 1, 2.16, 2.20.) "Only Class Members qualify to participate in the Class Action Settlement Program." (*Id.* at § 1.) Plaintiff argues that the Settlement Agreement protects repurchasers of eligible vehicles. (Dkt. No. 49, p. 3.) However, Plaintiff does not allege that she herself is a repurchaser of an eligible vehicle. Rather, she alleges that the vehicle in question was "originally in the name of Andrew W. Shalaby." (Dkt. No. 42, ¶ 7.) She does not allege that the vehicle was ever held in her name during the applicable period. Accordingly, Plaintiff is not entitled to participate in the settlement program.

Even if Plaintiff were a class member, she has not sufficiently alleged a breach of the Settlement Agreement. Plaintiff claims that the Settlement Agreement's promise to provide an option for class members to have their emissions systems modified free of charge obliged VGA to pay for AdBlue refills, which allegedly became more frequent as a result of the modification. (Dkt. No. 42, ¶¶ 51-52, 58.) However, a promise to pay for an "emissions system," (Settlement Agreement, § 4.1), is not the same as a promise to pay for refills of fluid. In sum, Plaintiff's Third Amended Complaint does not state any plausible breach.

#### ii. Breach of Consent Decree.

Plaintiff's Third Amended Complaint claims, for the first time, that VGA violated the

1 Consent Decree by failing to disclose defects in the sunroof and heater system.

2 The Consent Decree is the result of litigation between VGA and the Federal Trade

3 Commission. (Dkt. No. 44-1, p. 2.) Plaintiff was not a party to this litigation. (*See id.*) Like

4 contracts, consent decrees are only enforceable by parties and intended beneficiaries. *See United*

5 *States v. FMC Corp.*, 531 F.3d 813, 819-20 (9th Cir. 2008). When one party is the government,

6 third-party beneficiaries are presumed to be "incidental" absent a "clear expression of a different

7 intent" within the language of the consent decree. *See id.* at 821-22; *Sanguinetti v. CitiMortgage,*

8 *Inc.*, No. 12-5424 SC, 2013 WL 4838765, at *5 (N.D. Cal. Sept. 11, 2013). Plaintiff does not

9 point to any language in the Consent Decree that clearly expresses an intent for Plaintiff to be an

10 intended beneficiary. As such, Plaintiff cannot sue to enforce the Consent Decree.

11 Moreover, the Consent Decree contains no language relevant to Plaintiff's claims. The

12 Consent Decree enjoins VGA from selling (or otherwise promoting) vehicles with a "defeat

13 device" or from misrepresenting the emissions, environmental friendliness, or resale value of its

14 vehicles. (Dkt. No. 44-1, ¶¶ I-II.) Plaintiff's claims are about defects in sunroofs and heaters, not

15 defeat devices. (Dkt. No. 42, ¶¶ 59-60.) And even if these defects could lower the resale value of

16 Plaintiff's vehicles, Plaintiff has not alleged any misrepresentation regarding resale value.

17 The Court GRANTS Defendant's motion to dismiss Plaintiff's breach of contract claim

18 against VGA.[3]

### 3. Leave to Amend.

20 The decision of whether to grant leave to amend is within the discretion of the district

21 court. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). The district court

22 may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the

23 movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

24 to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ."

25 *Foman v. Davis*, 371 U.S. 178, 182 (1962).

26 Here, multiple factors support denial of leave to amend. Plaintiff has had three

---

[3] Because the Court finds multiple reasons sufficient to support dismissal of Plaintiff's claims, the Court declines to address Defendant's remaining arguments in support of dismissal.

1 opportunities to state a viable claim and has failed to do so.  Plaintiff's prosecution of this matter
2 appears to be plagued by bad faith, for she did not disclose until her Third Amended Complaint
3 that she is not actually privy to the contracts she seeks to enforce or that she received a full refund
4 for VC's alleged overpayment.  Most importantly, because Plaintiff lacks standing to enforce her
5 claims for breach of contract and has not pointed to any cognizable breaches, her claims fail as a
6 matter of law and amendment would be futile.  Accordingly, the Court HEREBY DISMISSES
7 Plaintiff's Third Amended Complaint WITH PREJUDICE.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss WITH PREJUDICE.

**IT IS SO ORDERED**.

Dated: December 16, 2024



SALLIE KIM
United States Magistrate Judge